UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **NETJETS LARGE AIRCRAFT, INC., NETJETS INTERNATIONAL, INC., NETJETS AVIATION, INC., and EXECUTIVE JET MANAGEMENT, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | CASE NO. 2:11-cv-1023<br><br>JUDGE SARGUS<br><br>MAGISTRATE JUDGE KEMP |

## PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIMS

Plaintiffs NetJets Large Aircraft, Inc., NetJets International, Inc., NetJets Aviation, Inc., and Executive Jet Management, Inc. ("Plaintiffs") hereby answer the counterclaims of Defendant the United States of America ("Defendant") as follows:

1. Plaintiffs admit that Defendant has brought its counterclaims pursuant to Fed. Civ. R. 13, but deny that the counterclaims have any merit.

2. Plaintiffs admit jurisdiction over Defendant's counterclaims is conferred upon this Court by the statutory sections cited in Paragraph 2 of Defendant's counterclaims.

3. Plaintiffs admit the allegations of Paragraph 3 of Defendant's counterclaims.

4. Plaintiffs admit venue is proper in this Court.

5. Plaintiffs admit the Internal Revenue Service ("IRS") assessed federal excise taxes and penalties against NetJets Large Aircraft, Inc. in the amounts reflected in Paragraph 5 of Defendant's counterclaims, except that Plaintiffs deny that the ninth row of the table in

Paragraph 5 refers to the correct time period.  Answering further, Plaintiffs deny that NetJets Large Aircraft, Inc. owes any of the assessments identified in Paragraph 5.

6. Plaintiffs admit the IRS has given notice to NetJets Large Aircraft, Inc. of the assessments referenced in Paragraph 5 of Defendant's counterclaims and has made a demand for payment of those assessments.  Answering further, Plaintiffs deny that NetJets Large Aircraft, Inc. owes any of the assessments identified in Paragraph 5.

7. Plaintiffs deny the allegations of Paragraph 7 of Defendant's counterclaims.

8. Plaintiffs admit that Defendant has brought its counterclaims pursuant to Fed. Civ. R. 13, but deny that the counterclaims have any merit.

9. Plaintiffs admit jurisdiction over Defendant's counterclaims is conferred upon this Court by the statutory sections cited in Paragraph 9 of Defendant's counterclaims.

10. Plaintiffs admit the allegations of Paragraph 10 of Defendant's counterclaims.

11. Plaintiffs admit venue is proper in this Court.

12. Plaintiffs admit the IRS assessed federal excise taxes and penalties against NetJets International, Inc. in the amounts reflected in Paragraph 12 of Defendant's counterclaims, except that Plaintiffs deny that the third row of the table in Paragraph 12 refers to the correct time period.  Answering further, Plaintiffs deny that NetJets International, Inc. owes any of the assessments identified in Paragraph 12.

13. Plaintiffs admit the IRS has given notice to NetJets International, Inc. of the assessments referenced in Paragraph 12 of Defendant's counterclaims and has made a demand for payment of those assessments.  Answering further, Plaintiffs deny that NetJets International, Inc. owes any of the assessments identified in Paragraph 12.

14. Plaintiffs deny the allegations of Paragraph 14 of Defendant's counterclaims.

15. Plaintiffs admit that Defendant has brought its counterclaims pursuant to Fed. Civ. R. 13, but deny that the counterclaims have any merit.

16. Plaintiffs admit jurisdiction over Defendant's counterclaims is conferred upon this Court by the statutory sections cited in Paragraph 16 of Defendant's counterclaims.

17. Plaintiffs admit the allegations of Paragraph 17 of Defendant's counterclaims.

18. Plaintiffs admit venue is proper in this Court.

19. Plaintiffs admit the IRS has assessed federal excise taxes and penalties against NetJets Aviation, Inc. in the amounts reflected in Paragraph 19 of Defendant's counterclaims, but deny the accuracy of the figures set forth in the second and third rows of the table in Paragraph 19, and also deny that the time period identified in the third row of the table is correct. Answering further, Plaintiffs deny that NetJets Aviation, Inc. owes any of the assessments identified in Paragraph 19.

20. Plaintiffs admit the IRS has given notice to NetJets Aviation, Inc. of the assessments referenced in Paragraph 19 of Defendant's counterclaims and has made a demand for payment of those assessments. Answering further, Plaintiffs deny that NetJets Aviation, Inc. owes any of the assessments identified in Paragraph 19.

21. Plaintiffs deny the allegations of Paragraph 21 of Defendant's counterclaims.

22. Plaintiffs admit that Defendant has brought its counterclaims pursuant to Fed. Civ. R. 13, but deny that the counterclaims have any merit.

23. Plaintiffs admit jurisdiction over Defendant's counterclaims is conferred upon this Court by the statutory sections cited in Paragraph 23 of Defendant's counterclaims.

24. Plaintiffs deny the allegations of Paragraph 24 of Defendant's counterclaims. Executive Jet Management, Inc. has its principal place of business in Cincinnati, Ohio.

25. Plaintiffs admit venue is proper in this Court.

26. Plaintiffs admit the IRS assessed federal excise taxes and penalties against Executive Jet Management, Inc. in the amounts reflected in Paragraph 26 of Defendant's counterclaims, except that Plaintiffs deny that the third row of the table in Paragraph 26 refers to the correct time period. Answering further, Plaintiffs deny that Executive Jet Management, Inc. owes any of the assessments identified in Paragraph 26.

27. Plaintiffs admit the IRS has given notice to Executive Jet Management, Inc. of the assessments referenced in Paragraph 26 of Defendant's counterclaims and has made a demand for payments of those assessments. Answering further, Plaintiffs deny that Executive Jet Management, Inc. owes any of the assessments identified in Paragraph 26.

28. Plaintiffs deny the allegations of Paragraph 28 of Defendant's counterclaims.

29. Plaintiffs deny each and every allegation of Defendant's counterclaims which is not admitted, denied or expressly referred to above.

## Second Defense

30. Defendant's counterclaims fail to state any claim against Plaintiffs upon which relief can be granted.

## Third Defense

31. The assessments identified in Defendant's counterclaims are improper and unlawful, and Plaintiffs have no obligation to pay them. The ticket tax, which is the basis for the assessments, is intended to apply only to fees that passengers pay to purchase a ticket (or the equivalent of a ticket) for transportation on a commercial or charter aircraft that is owned by others. But the IRS's assessments in this case improperly extend application of the ticket tax beyond commercial airline and charter passengers, to persons who own the aircraft. Specifically,

the IRS has assessed the ticket tax on the fees that aircraft owners pay to Plaintiffs to manage and maintain the owners' aircraft. Plaintiffs, however, do not transport these owners; rather, the owners transport themselves. Plaintiffs simply act as the owners' agent, by providing management and maintenance services that facilitate the owners' use of their aircraft. As such, the fees the owners pay to Plaintiffs are not payments for transportation and are not subject to the ticket tax under 28 U.S.C. § 4261.

### Fourth Defense

32. The assessments identified in Defendant's counterclaims are improper and unlawful because the IRS is treating Plaintiffs differently than it has treated other companies that provide the same types of services. The IRS has not assessed a ticket tax against certain of Plaintiffs' competitors for some of the same types of fees that are part of the assessments at issue in this case. This not only places Plaintiffs at a significant disadvantage, by making them pay millions of dollars in taxes that their competitors did not have to pay, but it also violates the established legal principle requiring the IRS to treat similarly situated taxpayers in a consistent fashion.

### Fifth Defense

33. The IRS's assessments of the ticket tax against the management fees and fuel variable surcharges that Plaintiffs charge to aircraft owners are improper and unlawful because the IRS never gave Plaintiffs advance notice that the IRS intended to apply the ticket tax to these types of fees. Plaintiffs are not primarily liable for payment of the ticket taxes at issue in this case. Rather, the IRS seeks to hold Plaintiffs secondarily liable for payment of these taxes on the ground that the primary taxpayers – the owners who paid the fees upon which the IRS assessed the tax – did not pay the tax at the time they paid the fees. Where, as here, a party is secondarily

liable for payment of a tax, the IRS is required to give that party "precise and not speculative" notice of the duty to collect the tax. The IRS, however, never gave Plaintiffs any advance notice, precise or otherwise, that it had a duty to collect the ticket tax on the management fees and fuel variable surcharges that Plaintiffs charge to aircraft owners. Accordingly, the IRS cannot impose retroactive secondary liability on Plaintiffs for the ticket tax on monthly management fees and fuel variable surcharges already collected.

WHEREFORE, Plaintiffs respectfully request that Defendant's counterclaims be dismissed with prejudice, that judgment be entered on the counterclaims in Plaintiffs' favor and against Defendant, and that Plaintiffs recover their attorneys' fees and costs incurred in defending the counterclaims.

Respectfully submitted,

/s/ John W. Zeiger
John W. Zeiger (0010707), Trial Attorney
Bradley T. Ferrell (0070965)
ZEIGER, TIGGES & LITTLE LLP
41 South High Street
3500 Huntington Center
Columbus, Ohio 43215
Telephone: (614) 365-9900
Facsimile: (614) 365-7900
Email: zeiger@litohio.com
ferrell@litohio.com

Counsel for Plaintiffs and Counterclaim Defendants
NetJets Large Aircraft, Inc., NetJets International, Inc.,
NetJets Aviation, Inc., and Executive Jet
Management, Inc.

Jonathan D. Hacker*
Robert Rizzi*
Micah W.J. Smith*
Lauren N. Strauss*
O'MELVENY & MYERS LLP
1625 Eye Street N.W.
Washington, D.C. 20006-4001
(202) 383-5300
*admitted pro hac vice

Co-Counsel for Plaintiffs and Counterclaim Defendants

Maria Jones*
Steven Dixon*
MILLER & CHEVALIER CHARTERED
655 15th Street, N.W.
Suite 900
Washington, D.C. 20005
(202) 626-5844
*pro hac vice motions to be filed

Co-Counsel for Plaintiffs and Counterclaim Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of March, 2012, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Thomas P. Cole
>Tax Division
>U.S. Department of Justice
>Post Office Box 55
>Ben Franklin Station
>Washington, DC 20044
>
>Counsel for Defendant

/s/ John W. Zeiger<br>John W. Zeiger (0010707)

948-001:358206