# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **NETJETS LARGE AIRCRAFT, INC.,** et al.<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>　　　　　Defendant. | CASE NO. 2:11-cv-1023<br><br>JUDGE SARGUS<br><br>MAGISTRATE JUDGE KEMP |

## PLAINTIFFS' MOTION TO COMPEL
## THE PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 37(a), Plaintiffs NetJets Large Aircraft, Inc., NetJets Aviation, Inc., NetJets International, Inc., and Executive Jet Management, Inc. (collectively, "Plaintiffs") respectfully move the Court for an order compelling Defendant United States of America to produce documents that are responsive to Plaintiffs' First Request for Production of Documents.  The grounds supporting this motion are set forth in the attached memorandum.

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ Bradley T. Ferrell
　　　　　　　　　　　　　　　　　　John W. Zeiger  (0010707), Trial Attorney
　　　　　　　　　　　　　　　　　　Bradley T. Ferrell (0070965)
　　　　　　　　　　　　　　　　　　ZEIGER, TIGGES & LITTLE LLP
　　　　　　　　　　　　　　　　　　41 South High Street, Suite 3500
　　　　　　　　　　　　　　　　　　Columbus, Ohio 43215
　　　　　　　　　　　　　　　　　　Telephone:  (614) 365-9900
　　　　　　　　　　　　　　　　　　Facsimile:  (614) 365-7600
　　　　　　　　　　　　　　　　　　Email:  zeiger@litohio.com
　　　　　　　　　　　　　　　　　　　　　　ferrell@litohio.com

　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs

**MEMORANDUM IN SUPPORT**

**I.     Introduction**

Plaintiffs provide aircraft management and aviation support services to owners of whole and/or fractional interests in aircraft.

This case involves claims by Plaintiffs for refund and abatement of hundreds of millions of dollars in excise taxes which the IRS unlawfully levied against them under section 4261 of the Internal Revenue Code.  Plaintiffs contend that the IRS unlawfully levied the taxes for a number of reasons, including the following:

- Plaintiffs do not provide "taxable transportation" under 26 U.S.C. § 4261, and thus the payments Plaintiffs receive from aircraft owners are not subject to the section 4261 excise tax.

- The IRS is legally bound by the Technical Advice Memorandum it issued to Plaintiffs' predecessor in 1992 as part of a prior audit; and that Memorandum prohibits the excise tax assessments at issue in this case.

- The IRS failed to provide clear and precise guidance to Plaintiffs of the IRS's intention to apply the section 4261 excise tax to certain types of fees that aircraft owners paid to Plaintiffs.

- The IRS has assessed the section 4261 excise tax against certain of the fees that Plaintiffs charge fractional aircraft owners while not assessing the tax against those same fees with respect to several of Plaintiffs' competitors, thus violating the IRS's duty to apply taxes in a consistent manner and resulting in a competitive disadvantage to Plaintiffs.

To support their claims, Plaintiffs served Defendant with a number of discovery requests aimed at obtaining documents and information relating directly to the foregoing legal arguments.  To date, however, Defendant has failed to produce all of the responsive documents that Plaintiffs requested.  For several of Plaintiffs' requests, Defendant agreed to produce responsive documents but simply has failed to do so, despite the fact that the documents were due in October 2013.  There are also a significant number of document requests, however, to which Defendants have responded by either refusing to produce documents altogether or improperly limiting the scope of documents it will agree to produce.

Plaintiffs have made multiple attempts to resolve these issues with Defendant and obtain the documents to which they are entitled, but to date those attempts have been unsuccessful. [*See* Certification attached as Exhibit 1]  Consequently, Plaintiffs seek a court order compelling Defendant to produce the documents Plaintiffs have requested.

## II.  Background

Plaintiffs served Defendant with their First Request for Production of Documents on July 15, 2013. [Exhibit 2 attached]  Defendant served its written responses to those Requests on September 27, 2013. [Exhibit 3 attached]  Then, in October 2013, Defendant produced documents in response to Plaintiffs' First Request.  Also, in October 2013, Defendant's counsel stated that Defendant would be producing a supplemental disk containing additional responsive documents at some point in the future.  Then, in December 2013, Defendant's counsel indicated that the supplemental disk would be produced in early January 2014.

The original production disk that Defendant provided in October 2013 was not in the format Plaintiffs had requested, and thus Plaintiffs were unable to load and view the documents contained on the disk. Given these problems, Plaintiffs requested, and Defendant produced, a replacement disk in December 2013.

Upon reviewing the documents Defendant had produced, it was obvious to Plaintiffs that Defendant had not produced many of the documents it had stated it would produce in its written responses to Plaintiffs' discovery requests. In addition, as of January 6, 2014, Plaintiffs still had not received the supplemental disk of responsive documents that Defendant had said would be forthcoming.

Thus, on January 6, 2014, Plaintiffs' counsel sent a letter to Defendant's counsel identifying a number of deficiencies in Defendant's responses to Plaintiffs' First Request for Production of Documents and in Defendant's corresponding document production. [Exhibit 4 attached] In the January 6 letter, Plaintiffs' counsel asked Defendant's counsel to produce the documents addressed in the letter by the close of business on Monday, January 13, 2014. [Id.]

Plaintiffs requested the documents by January 13 because it needs them to prepare for, and potentially use in, the depositions of several IRS employees, which Plaintiffs have noticed for January 28, 29, and 30, 2014. [Exhibit 5 attached] Plaintiffs cannot postpone the depositions to further accommodate Defendant's delay, because the fact discovery period in this case closes on January 31, 2014.

On January 10, 2014, Plaintiffs' counsel had a telephone conference with Defendant's counsel. During the conference, Plaintiffs' counsel inquired as to when Defendant would produce its remaining documents. In response, Defendant's counsel

4

stated that the production of those documents had been on his to-do list for quite some time and that he would be producing a supplemental disk containing the additional documents by Friday, January 17, 2014.  Defendant, however, did not produce any additional documents on January 17. [Exhibit 1 attached]

On January 21, 2014, Plaintiffs' counsel had another telephone conference with Defendant's counsel.  During the call, Defendant's counsel indicated that Defendant still was not prepared to produce its remaining documents. [Id.]  In addition, during the call, Defendant's counsel stated for the first time that Defendant would not be making the IRS witnesses whom Plaintiffs had noticed available for deposition on January 28-30, 2014.

Because fact discovery in this case will close on January 31, 2014, Plaintiffs are left with no option but to file this motion to compel Defendant to produce the documents to which Plaintiffs are entitled.

### III.   Law and Discussion

As set forth above, the documents that are the subject of this motion to compel fall into two categories: (i) documents that Defendant agreed but failed to produce; and (ii) documents that Defendant has refused to produce in whole or part.  Each category is addressed in turn below.

#### A.   Documents That Defendant Has Failed To Produce Despite Its Agreement To Do So

Plaintiffs' First Request for Production of Document included the following requests:

> **Request No. 3:**  All IRS files and other documents that relate to the application of the Section 4261 Tax to any fractional aircraft management program ….

5

> **Request No. 7:** All documents containing or relating to IRS analyses, evaluations, assessments, deliberations or determinations regarding the Section 4261 Tax and fractional aircraft management companies.
>
> **Request No. 10:** All documents reflecting or relating to analyses, evaluations, discussions or deliberations regarding the decisions of the Court of Federal Claims or the Federal Circuit in Executive Jet Case.

Although Defendant asserted a number of boilerplate objections in response to these requests, it agreed to produce responsive documents. To date, however, Defendant has not produced any documents other than the IRS examination files relating to the tax assessments at issue in this case. Those examination files, while relevant, are not the focus of Plaintiffs' document requests. Rather, Plaintiffs seek to obtain IRS emails, memoranda, and other documents reflecting the agency's internal discussions and analyses regarding the scope and application of the section 4261 excise tax to whole and fractional aircraft management programs.

For example, Request No. 10 asks for documents "reflecting or relating to analyses, evaluations, discussions or deliberations regarding the decisions of the Court of Federal Claims or the Federal Circuit in the Executive Jet Case." The "Executive Jet Case" was a case between the IRS and Executive Jet Aviation, the predecessor to the fractional management companies that are plaintiffs in this case. Documents relating to the prior Executive Jet Case are relevant because they will show that in 1992 the IRS made an institutional decision, in the form of a Technical Advice Memorandum ("TAM"), that only one of the fees charged by Executive Jet Aviation – the "occupied hourly fee" – was subject to the section 4261 excise tax. This is important because, in the audit that is the subject of this case, the IRS unlawfully disregarded its prior TAM and retroactively assessed the section 4261 tax against other types of fees that fractional

owners pay to Plaintiffs. Thus, Plaintiffs are entitled to discovery of IRS documents relating to the 1992 TAM and the subsequent litigation between the IRS and Executive Jet.

As set forth above, Defendant is not objecting to the production of these documents. As recently as January 10, 2014, Defendant's counsel stated that he would be producing a supplemental disk of documents by Friday, January 17. Despite this statement, however, the documents were not produced. Then, during a telephone discussion on Tuesday, January 21, 2014, Defendant's counsel indicated that Defendant still was not prepared to produce its remaining documents.

Plaintiffs therefore request that the Court enter an order compelling Defendant to produce all non-privileged documents that are responsive to Request Nos. 3, 7, and 10.

### B. Documents That Defendant Has Refused To Produce In Whole Or Part

There are also a number of documents that Defendant has refused to produce in whole or part. Those documents are discussed below.

- **Document Request No. 1**

In Request No. 1, Plaintiffs asked Defendant to produce "all IRS files and other documents relating to any examination or audit of NetJets regarding the Section 4261 Tax." In response to this request, Defendant stated: "The IRS has advised the undersigned that the IRS's examination files related to any NetJets entities for the periods involved in the <u>Executive Jet</u> action no longer exist." Defendant, however, did not explain what it meant by "examination files." Was Defendant referring to a specific type of IRS file or did it intend the term to refer to all types of files relating to the prior Executive Jet audit from 1992-93?

7

In an effort to obtain clarification, Plaintiffs' counsel sent a letter to Defendant's counsel on January 6, 2014, asking for further explanation. Specifically, Plaintiffs' counsel stated as follows:

> It is unclear whether the foregoing responses regarding the nonexistence of <u>Executive Jet</u> files includes IRS files (including background files) relating to the December 22, 1992 Technical Advice Memorandum ("TAM"). It is also unclear whether Defendant searched for responsive files in the possession of the Department of Justice, or whether it searched the IRS's files only. To the extent there are any responsive files in the Department of Justice's possession, please produce them. Also, please produce any files relating to the December 22, 1992 TAM.

[Exhibit 4 attached]

To date, Defendant's counsel has not responded to the foregoing letter or otherwise clarified whether there are any files relating to the prior Executive Jet audit and corresponding TAM that are still in existence. Plaintiffs therefore respectively request that the Court enter an order compelling Defendant to produce all files in the IRS's and/or Department of Justice's possession, no matter the type, that relate in any way to the IRS's 1992-93 audit of Executive Jet or the December 22, 1992 TAM. Alternatively, if no such files exist, Defendant should be directed to certify their nonexistence to Plaintiffs.

- **<u>Document Request No. 8</u>**

In Request No. 8, Plaintiffs asked Defendant to "produce all documents containing or relating to IRS analyses, evaluations, assessments, deliberations or determinations regarding the Section 4261 Tax and whole aircraft management companies." In response, Defendant asserted two objections. First, it objected to the extent the request seeks documents relating to any taxpayer other than Plaintiffs, because

8

such information is protected from disclosure under 26 U.S.C. § 6103. Second, it objected to the extent the request seeks documents relating to Plaintiffs, because "the requested information does not meet the relevance requirement of Rule 26 of the Federal Rules of Civil Procedure."

Plaintiffs are not challenging Defendant's first objection, to the extent it relates to information specifically protected by section 6103 of the Internal Revenue Code. But Plaintiffs do take issue with Defendant's relevance objection, because the documents Plaintiffs have asked for in Request No. 8 are directly relevant to the claims asserted by Plaintiff Executive Jet Management, Inc. ("EJM") in this case.

EJM is a whole aircraft management company, *i.e.*, it provides aircraft management services to individuals and entities that own entire aircraft. As part of the audit that is the subject of this case, the IRS retroactively assessed more than $9 million in excise taxes against EJM under section 4261 of the Internal Revenue Code, despite the fact that it has been the IRS's published position since 1958 that whole aircraft management services are not subject to the tax. *See* Rev. Rul. 58-215, 1958-1 C.B. 439. Given these circumstances, documents reflecting the IRS's internal discussions and analyses relating to its decision to apply the section 4261 tax to EJM are certainly relevant and material.

Plaintiffs' counsel explained the relevance of these documents to Defendant's counsel in his letter dated January 6, 2014, but to date Defendant has not withdrawn the objection or produced the requested documents. Plaintiffs therefore request that the Court enter an order compelling Defendant to produce all documents that are responsive

9

to Request No. 8, except for those that specifically fall within the protection of 26 U.S.C. § 6103.

- **Document Request Nos. 12 And 13**

Request Nos. 12 and 13 ask for documents relating to the IRS's determination that the section 4261 tax applies to monthly management fees and fuel variable surcharge fees charged by NetJets. In response to these requests, Defendant stated it would produce only "the IRS's examination files of the NetJets entities … for the periods that are involved in this lawsuit." Here again, Defendant's unilateral attempt to narrow the scope of documents it will produce in response to Plaintiffs' requests is unfounded and inappropriate.

Request Nos. 12 and 13 are highly relevant because the "monthly management fee" and "fuel variable surcharge" are the two additional fees upon which the IRS retroactively assessed the section 4261 tax, despite its prior TAM providing that only the occupied hourly fee is subject to the tax. Certainly, Plaintiffs are entitled to emails, memoranda and other internal IRS documents relating to the IRS's decision to disregard established IRS procedure and retroactively impose the excise tax on fees other than the occupied hourly fee. As such, Defendant should be ordered to produce all documents that are responsive to Request Nos. 12 and 13, not just the IRS's examination files.

- **Document Request No. 16**

In Request No. 16, Plaintiffs asked Defendant to "produce all emails and other communications regarding the Section 4261 Tax and its application to fractional aircraft management companies, including without limitation NetJets." In response to this request, Defendant asserted objections on grounds of undue burden and section 6103

taxpayer confidentiality. Defendant then stated, subject to those objections, that it would produce "the non-privileged portions of e-mails generated and saved by three IRS employees with particular involvement with the issues involved in this case – Ms. Annette Schirtzinger, Ms. Lori Leonard, and Ms. Jody Angelo – that relate to the application of the Section 4261 tax to fractional aircraft programs generally, but do not relate to a specific fractional aircraft management program." Defendant's objection, and its unilateral decision to produce a narrowed set of responsive documents, is unfounded for several reasons.

First, Defendant has not even produced responsive emails from the three individuals identified in its response to Request No. 16. Defendant should be ordered to produce those emails immediately.

Second, Defendant is not permitted to arbitrarily select just three IRS employees for its search, when it knows there are many other employees who are likely to have responsive emails. The discovery and disclosures exchanged by the parties to date show that there were a number of additional IRS employees involved in matters relating to the IRS's application of the section 4261 tax to fractional aircraft management programs. Those individuals include John Oen, Frank Boland, Michael Beker, Frank Falvo, David Booker, Roger Janosek, and Tom Whisenant, just to name a few. Defendant should be required to search the email accounts of each of these individuals as well as the three individuals identified in Defendant's response above. In addition, Defendant should be required to search the email accounts of any other IRS employees who were involved in matters relating to the application of the section 4261 tax to fractional aircraft management companies.

Third, Defendant has no basis for limiting its production of emails to those that relate to "fractional aircraft programs generally, but do not relate to a specific fractional aircraft management program." While Defendant may be permitted to withhold information relating specifically to other taxpayers under 26 U.S.C. § 6103, it is not permitted to withhold emails relating to the Plaintiffs in this case. Thus, Defendant should be required to produce responsive emails that (i) relate to fractional aircraft programs generally, or (ii) relate to any of the Plaintiffs specifically.

- **Document Request Nos. 11 And 17**

In Request No. 11, Plaintiffs asked Defendant to "produce all documents relating to the IRS's decision to apply the Section 4261 Tax to Executive Jet Management, Inc." Similarly, in Request No. 17, Plaintiffs asked Defendant to "produce all emails and other communications regarding the Section 4261 Tax and its application to whole aircraft management companies, including without limitation Executive Jet Management, Inc." In response to both requests, Defendant stated it would produce "non-privileged portions of the IRS's examination files of Executive Jet Management, Inc. … for the periods that are involved in this lawsuit." Defendant has no basis for attempting to unilaterally limit its responses to Request Nos. 11 and 17 in this fashion.

As explained above, EJM is seeking abatement of more than $9 million in excise taxes that the IRS improperly assessed against it under 26 U.S.C. § 4261. As such, the IRS's emails and other communications relating to its imposition of those assessments against EJM are clearly relevant and material. But instead of producing these documents, Defendant has stated that it will produce only the IRS's examination files relating to EJM, which Defendant knows contain nothing more than standardized documents that

give no indication of the IRS's actual decision-making process.  Plaintiffs therefore respectfully request that the Court enter an order compelling Defendant to produce all documents responsive to Request Nos. 11 and 17.

- **Document Request No. 22**

In Request No. 22, Plaintiffs asked Defendant to "produce all pleadings, motions, memoranda, briefs, deposition transcripts, hearing transcripts, trial transcripts, stipulations, briefs and other court-filed documents from the Executive Jet Case."  In response, Defendant indicated that there were two boxes of responsive documents, but that it must first determine whether it is permitted under the terms of the protective order from the Executive Jet Case to produce those documents to Plaintiffs.  Subject to that determination, Defendant stated it would produce "any publicly-filed materials from the Executive Jet case that it has been able to locate."  There are three fundamental problems with Defendant's response to Request No. 22.

First, Defendant cannot use the protective order from the Executive Jet Case as a basis for withholding documents because the fractional management companies that are plaintiffs in this case are successors to the plaintiff in Executive Jet.  As such, Plaintiffs in this case are entitled to disclosure of documents from the Executive Jet Case.

Second, Defendant should not be permitted to limit its responsive documents to those that were "publicly filed" in the Executive Jet Case.  Plaintiffs were clear in their request:  they want all pleadings, motions, memoranda, briefs, deposition transcripts, hearing transcripts, trial transcripts, stipulations, briefs, and court-filed documents from the Executive Jet Case.  There was no limitation in Plaintiffs' request to publicly-filed

documents only.  Thus, unless a particular document is privileged, it should be produced. After all, there is no dispute that the documents identified in Request No. 22 are relevant.

## IV. Conclusion

For the reasons set forth above, Plaintiffs respectfully request that the Court enter an order compelling Defendant to produce the documents addressed herein.

Respectfully submitted,

/s/ Bradley T. Ferrell
John W. Zeiger  (0010707), Trial Attorney
Bradley T. Ferrell (0070965)
ZEIGER, TIGGES & LITTLE LLP
41 South High Street, Suite 3500
Columbus, Ohio 43215
Telephone:  (614) 365-9900
Facsimile:   (614) 365-7600
Email:  zeiger@litohio.com
           ferrell@litohio.com

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of January, 2014, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Thomas P. Cole
>Tax Division
>U.S. Department of Justice
>Post Office Box 55
>Ben Franklin Station
>Washington, DC 20044
>
>Counsel for Defendant

>/s/ Bradley T. Ferrell
>Bradley T. Ferrell (0070965)