# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **NETJETS LARGE AIRCRAFT, INC.,** et al.<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>　　　　　Defendant. | **CASE NO. 2:11-cv-1023**<br><br>**JUDGE SARGUS**<br><br>**MAGISTRATE JUDGE KEMP** |

## PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS

Pursuant to Fed. R. Civ. P. 37(a), Plaintiffs NetJets Large Aircraft, Inc., NetJets Aviation, Inc., NetJets International, Inc., and Executive Jet Management, Inc. (collectively, "Plaintiffs") respectfully move the Court for an order compelling the depositions of seven (7) IRS employees whom Defendant United States of America has refused to make available for deposition. The grounds supporting this motion are set forth in the attached memorandum.

　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　/s/ Bradley T. Ferrell
　　　　　　　　　　　　　　　　　John W. Zeiger  (0010707), Trial Attorney
　　　　　　　　　　　　　　　　　Bradley T. Ferrell (0070965)
　　　　　　　　　　　　　　　　　ZEIGER, TIGGES & LITTLE LLP
　　　　　　　　　　　　　　　　　41 South High Street, Suite 3500
　　　　　　　　　　　　　　　　　Columbus, Ohio 43215
　　　　　　　　　　　　　　　　　Telephone:  (614) 365-9900
　　　　　　　　　　　　　　　　　Facsimile:   (614) 365-7600
　　　　　　　　　　　　　　　　　Email:  zeiger@litohio.com
　　　　　　　　　　　　　　　　　　　　　　ferrell@litohio.com

　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs

**MEMORANDUM IN SUPPORT**

**I.      Introduction**

This case involves claims by Plaintiffs for refund and abatement of hundreds of millions of dollars in excise taxes which the IRS unlawfully levied against them under 26 U.S.C. § 4261. In prosecution of their claims, Plaintiffs noticed the depositions of seven Internal Revenue Service ("IRS") employees for January 28, 29, and 30, 2014.  Plaintiffs issued these notices on January 6, 2014, after having tried unsuccessfully to obtain mutually agreeable dates from Defendants.

After Plaintiffs issued the deposition notices, two weeks elapsed without Defendant voicing any objection to the depositions or their scheduled dates.  It wasn't until January 21, 2014, that Defendant's counsel indicated for the first time that Defendant would not be making the seven IRS employees available for deposition on the noticed dates.  Given Defendant's unilateral refusal to comply with the outstanding deposition notices, Plaintiffs hereby seek an order compelling the depositions of the seven IRS employees.

**II.     Background**

In the early fall of 2013, Plaintiffs identified seven IRS employees whom they want to depose in this case:  Thomas Whisenant, Roger Janosek, Frank Falvo, Jody Angelo, Michael Beker, Frank Boland, and Annette Schirtzinger.  Plaintiffs' counsel alerted Defendant's counsel in October 2013 of Plaintiffs' desire to depose these IRS witnesses. [Exhibit 1 attached]

By November of 2013, Plaintiffs' counsel had not heard back from Defendant's counsel regarding deposition dates for the IRS witnesses.  Thus, on November 6, 2013, Plaintiffs' counsel sent a letter to Defendant's counsel requesting dates.  The letter stated:

> As we discussed previously, Plaintiffs would like the take the depositions of the following IRS employees: Thomas

> Whisenant, Roger Janosek, Frank Falvo, Jody Angelo, Michael Beker, Frank Boland, and Annette Schirtzinger. Please provide me with dates when these individuals are available for deposition. If possible, I would like to take the depositions back-to-back over the course of three or four days.

[Exhibit 2 attached]

Defendant's counsel did not respond to the foregoing letter until December 20, 2013, but even then Defendant's counsel did not provide available deposition dates for the seven IRS employees. Instead, Defendant's counsel asked Plaintiffs' counsel to identify the topics upon which Plaintiffs planned to depose the IRS employees. [Exhibit 3 attached] Defendant's counsel claimed he needed this information in order to obtain "testimony authorizations" from the IRS.

Given that the fact discovery cutoff in this case is January 31, 2014, and Plaintiffs still had not received deposition dates from Defendant, Plaintiffs served Defendant with deposition notices on January 6, 2014. [Exhibit 4 attached] The notices set the depositions of the seven IRS employees for January 28, 29, and 30, 2014. [Id.] In the cover letter that accompanied the deposition notices, Plaintiffs' counsel identified topics on which Plaintiffs planned to depose the IRS employees, as Defendant's counsel had previously requested. [Id.]

After issuing the deposition notices, Plaintiffs' counsel had multiple telephone conferences and email communications with Defendant's counsel regarding the negotiation of the terms of a protective order in this case. Specifically, Plaintiffs' counsel and Defendant's counsel spoke by telephone on January 10, 13, and 15, 2014. In addition, counsel communicated by email multiple times on January 14, 15, 16, and 17, 2014. Not once in any of these telephone conversations or email communications did Defendant's counsel make any objection to the depositions of the seven IRS employees occurring on January 28, 29, and 30, 2014. In fact, it wasn't until January 21, 2014, just a week before the depositions were scheduled to occur, that

3

Defendant's counsel for the first time indicated that Defendant would not be making the seven IRS employees available for deposition on the noticed dates. [Exhibit 1 attached]

Given Defendant's last minute refusal to comply with Plaintiffs' deposition notices, Plaintiffs have no choice but to seek an order compelling the depositions of the seven IRS employees to occur.[1]

### III. Law And Discussion

"Relevance for discovery purposes is extremely broad." *Curtis v. Marquette Exploration, LLC*, 2013 WL 6730807, at *2 (S.D. Ohio Dec. 19, 2013). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Id.* quoting *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970).

In this case, there is no dispute that the seven IRS employees whom Plaintiffs have noticed for deposition have knowledge that is relevant to the claims at issue in this case. Those employees have all been involved at various times in discussions, deliberations, and decisions regarding the IRS's application of the excise tax under 26 U.S.C. § 4261 to whole and/or fractional aircraft programs such as those operated by Plaintiffs. In fact, with the exception of Thomas Whisenant, and perhaps Michael Beker, it is believed that the IRS employees noticed for deposition had involvement in the excise tax audit or other IRS administrative proceedings relating to the assessments at issue in this case.

As for Mr. Whisenant, he was the IRS representative who, in approximately 2006, determined that the section 4261 excise tax did not apply to monthly management fees charged by one of Plaintiffs' fractional program competitors – Bombardier – and actually approved a

---

[1] Defendant also has refused and/or failed to produce a number of documents that are responsive to Plaintiffs' outstanding discovery requests, thus requiring Plaintiffs to file a separate motion to compel the production of documents. That motion has been docketed as Document No. 45.

refund of excise taxes that Bombardier had previously collected and remitted on monthly management fees. As such, Mr. Whisenant's testimony is directly relevant to Plaintiffs' claims for abatement of the IRS's assessment of the section 4261 tax against monthly management fees that aircraft owners pay to Plaintiffs, especially given that the IRS's concession to Bombardier involved several of the same tax quarters that are at issue in this case. As for Mr. Beker, he was involved in the drafting of certain memoranda that the IRS Chief Council's office issued in 2011 and 2012 relating to the purported applicability of the section 4261 excise tax to whole and fractional aircraft management programs. Thus, his testimony is also directly relevant to the claims in this case.

As set forth above, Plaintiffs were prepared to take the depositions of these IRS employees on January 28, 29, and 30, 2014, until Defendant informed Plaintiff at the eleventh hour that Defendant would not make the employees available for depositions on those dates. Given that these IRS employees possess relevant knowledge regarding matters at issue in this case, they should be compelled to testify at deposition.

## III.    Conclusion

For the reasons set forth herein, Plaintiffs respectfully request that the Court enter an order compelling Defendant to make the following individuals available for deposition: Thomas Whisenant, Roger Janosek, Frank Falvo, Jody Angelo, Michael Beker, Frank Boland, and Annette Schirtzinger.

Respectfully submitted,

/s/ Bradley T. Ferrell
John W. Zeiger  (0010707), Trial Attorney
Bradley T. Ferrell (0070965)
ZEIGER, TIGGES & LITTLE LLP
41 South High Street, Suite 3500
Columbus, Ohio 43215
Telephone:  (614) 365-9900
Facsimile:   (614) 365-7600
Email:  zeiger@litohio.com
          ferrell@litohio.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January, 2014, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Thomas P. Cole
Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, DC 20044

Counsel for Defendant

/s/ Bradley T. Ferrell
Bradley T. Ferrell (0070965)

948-001:477001