```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

NetJets Large Aircraft, Inc., :
et al.,
:
     Plaintiffs,
:
  v.                              Case No. 2:11-cv-1023
:
                                      JUDGE EDMUND A. SARGUS, JR.
United States of America,    :    Magistrate Judge Kemp

     Defendant.         :

<u>OPINION AND ORDER</u>

     Plaintiffs, companies that provide aircraft management and aviation support services to aircraft owners and leaseholders (with whole and/or fractional interests in the aircrafts), filed this action against the United States under the Internal Revenue Code, 26 U.S.C. §4261, for refund and abatement of excise taxes, interest and penalties.  There are two discovery motions pending before the Court, as well as a sanctions motion, that relate to particular arguments Plaintiffs have raised that may be impacted by the Court's ruling on the parties' cross motions for summary judgment. (Doc. 136).  Those motions are United States' Motion for Enlargement of Time to Conduct Limited Discovery of Allegedly Similarly Situated Taxpayers, Pending Resolution of United States' Motion for Reconsideration of Magistrate Judge's April 28, 2014 Opinion and Order (Doc. 84); Plaintiffs' Motion to Compel the Production of Documents, or Alternatively, to Preclude Defendant from Offering Any Evidence or Argument Relating to Plaintiffs' Claim that the IRS Failed to Provide Clear Guidance Regarding Application of the Section 4261 Ticket Tax to Monthly Management and Fuel Variable Surcharge Fees (Doc. 85); and Plaintiffs' motion and supplemental motion for sanctions (Docs. 115 and 119).

I.  <u>Background</u>

The two discovery motions at issue relate to Counts V and VI of the complaint. Those two counts, asserted by all four plaintiffs, present arguments for limiting the application of the §4261 ticket tax to only one of three fees collected by Plaintiffs from their customers: occupied hourly fees. The other two fees, which Plaintiffs argue should not be subject to the §4261 ticket tax, are monthly management fees and fuel variable surcharges. Count V asserts that the IRS cannot impose retroactive secondary liability on Plaintiffs for the monthly management fees and fuel variable surcharges because the IRS did not provide adequate notice of a duty to collect taxes on those fees. Count VI asserts that the IRS has a duty to treat similarly situated taxpayers in a consistent manner and that the IRS has not assessed the ticket tax on monthly management fees or other fees for certain fractional aircraft management companies. Accordingly, Count VI asserts that the IRS cannot impose secondary liability on Plaintiffs for monthly management fees or fuel variable surcharges for the time in which IRS has assessed the tax (through 2009).

At least a portion of the Court's January 26, 2015 Opinion and Order (doc. 136) affects these discovery motions.  In particular, the Court granted NetJets' motion for summary judgment regarding whether a 1992 technical advice memorandum ("TAM") bars the United States from collecting the §4261 tax on certain fees. (Doc. 61). As an initial matter, the Court's ruling only applies to three of the Plaintiffs. NetJets' motion for summary judgment regarding the 1992 TAM was filed by NetJets Aviation, Inc., NetJets Large Aircraft, Inc., and NetJets International, Inc., collectively "NetJets." The Court considered NetJets' argument that the IRS was bound by its 1992 TAM, and could not retroactively apply the §4261 tax to monthly

management fees or fuel variable surcharges unless and until the TAM was appropriately modified withdrawn or revoked. The Court concluded that while the TAM itself did not expressly identify which fees were taxable, "a mountain of <u>undisputed</u> evidence shows that the 1992 TAM applies the §4261 tax to only the occupied hourly fee." (Doc. 136 at 20). After discussing the undisputed evidence, the Court concluded that, under the circumstances "and with the application of §4261 to only the occupied hourly fees consistent with the 1992 TAM's express language – there is no genuine issue that the 1992 TAM limits the application of §4261 to only the occupied hourly fee." (Doc. 136 at 22).

The Court then examined the law regarding whether the IRS was bound by its 1992 TAM. The Court reached the following conclusion:

> As laid out by these IRS procedures, NetJets was entitled to rely on the 1992 TAM. And the company did so in good faith during the time period at issue. According to Revenue Procedure 2, that TAM should have been "applied until it is withdrawn or until the conclusion is modified or revoked by a final decision . . . ." Rev. Proc. 2014-2, §13.03, 2014-1 I.R.B. 90 (2014). But to this day, the IRS has not modified, withdrawn, or revoked the 1992 TAM. Nevertheless, in January 2010, the agency expanded the tax retroactively to all of NetJets' fees.
> Because these procedures were not followed while NetJets relied in good faith on the 1992 TAM, the Court concludes that the IRS could not retroactively assess the §4261 tax tot he management fee and variable fuel surcharge.

(Doc. 136 at 23 (citations omitted)). Because this decision resolves NetJets' claims regarding retroactive application of the §4261 tax to management fees and the variable fuel surcharge, NetJets has no need for its alternative arguments as to why the retroactive application of those fees was inappropriate. Specifically, NetJets' claims in Count V and VI, which were arguments in the alternative, are now moot and NetJets does not

require discovery as to those claims.

Notwithstanding the resolution of NetJets' claims, EJM's claims in Counts V and VI remain unresolved. EJM is a wholly owned subsidiary of NetJets, Inc. (Doc. 136 at 26). Unlike the NetJets companies, EJM provides aviation services to owners of whole aircrafts (rather than owners of fractional interests in aircrafts) and also operates a commercial air charter business that sells charter flights to the general public. (Doc. 136 at 26). As a result, the discovery relevant to EJM's arguments in Counts V and VI will differ from the discovery that would have been relevant to NetJets' arguments in Counts V and VI.

## II.  Analysis

With respect to the United States' motion relating to discovery of similarly situated taxpayers, the United States explains that Plaintiffs have "served discovery requests that have sought documents about how the IRS applied the §4261 tax to payments received by fractional ownership aircraft program operators, or witnesses whose testimony presumably is sought regarding those issues." (Doc. 84-1 at 1). And, as a result, the United States "seeks the ability to serve Rule 30(b)(6) subpoenas on operators of fractional ownership aircraft programs, to determine how other allegedly similarly situated taxpayers collected the §4261 tax from their customers, and the positions that the IRS took in any examinations of them and what similarities and differences may exist." (Doc. 84-1 at 3). Fractional ownership aircraft programs would not appear to be similarly situated to EJM, and therefore, would not be relevant to EJM's claims. However, while the United States' brief in support of its motion is addressed almost entirely to seeking discovery from fractional ownership programs, the motion itself seeks discovery more generally from "similarly situated taxpayers," so it is not clear whether the Court's summary

judgment ruling renders this motion moot or merely narrows it.

Similarly, with respect to the Plaintiffs' motion to compel or preclude relating to whether the IRS provided clear guidance, certain of the documents as to which the parties dispute the applicability of the deliberative process privilege relate to questions of taxing businesses involving fractional ownership. (Doc. 101-1 at ¶10, see, e.g., Bates No. IRS-NJA-01-0028 claims the privilege with respect to taxes on fees collected from "aircraft fractional owners").  Whether clear guidance has been provided to the fractional-ownership Plaintiffs is not relevant to EJM's claim that the IRS has not provided it with clear guidance.  However, from the descriptions of the documents, it is not always clear whether the documents also seek to assert the privilege as to opinions relating to EJM or opinions that apply beyond the fractional ownership businesses.  For example, the United States' description of the privilege asserted in Bates No. IRS-NJA-01-0028 (mentioned above) states that, in addition to applying to fees collected from aircraft fractional owners, it also applies to "the author's opinions, recommendations, and views pertaining to plaintiffs' federal excise taxes pertaining to fuel claims," which could encompass views relating to EJM. (Doc. 101-1 at ¶10).  Similarly, the United States has asserted the privilege in some instances to "views, analyses and recommendations with respect to the proposed penalties," which could be relevant to the question of notice to EJM. (Doc. 101-1 at ¶10, e.g., Bates No. IRS-NJA-01-0504).  As the United States is in possession of the unredacted copies of the documents, it is in the best position to address which documents remain relevant to EJM following the Court's ruling on the summary judgment motions.

Lastly, the motion for sanctions seeks relief from the alleged spoliation of evidence which was contained on hard drives

maintained by IRS employees, as well as certain other evidence relating to prior litigation.  Again, it seems that the vast majority of the evidence discussed in the motion relates to the fractional aircraft industry - although the supplement focuses more specifically on evidence relating to EJM.  However, the Court's ruling on the motion for summary judgment certainly changes the landscape underlying the motion for sanctions, but in ways that are likely much more clear to the parties than to the Court.

###     III.  Conclusion

For the reasons stated, the Court ORDERS the United States to show cause within 14 days of the date of this Order as to why its Motion to Enlarge Time to Conduct Limited Discovery of Similarly Situated Taxpayers (Doc. 84) should not be denied as moot in light of the Court's Opinion and Order dated January 26, 2015.  The Court also ORDERS the United States to submit a supplemental declaration within 14 days of the date of this Order as which of the documents described in the Declaration of Richard G. Goldman (Doc. 101-1) relate to EJM or whole aircraft ownership.  Finally, the parties are directed to show cause within fourteen days why the Court should not deny the motions for sanctions without prejudice to their refiling, if appropriate, in a way that is limited to documents that are relevant to the remaining claims in this case.


/s/ Terence P. Kemp
United States Magistrate Judge